**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Beson, | No. CV-25-00278-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| USA Quality Staffing Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Donna Beson's Motion for Default Judgment (Doc. 11, Mot.) against Defendants USA Quality Staffing, Inc. and USA Managed Care Organization, Inc., which is supported by Plaintiff's Declaration (Docs. 11-1, 11-2).

**I.    BACKGROUND**

In her Complaint (Doc. 1, Compl.), Plaintiff alleges that she worked as the Human Resources Director for both Defendants jointly from 2016 to 2024. In 2022, she entered into an Employment Agreement with Defendants providing that, within 30 days of resignation or termination, she would be paid one-year's salary as Severance Compensation if she resigned at least one year after signing the Agreement, or $500,000 as Severance Compensation if she was terminated by Defendants with or without cause. (Doc. 11-2, Emp. Agree. § 5.) To care for her fiancé with stage-4 cancer, she tried to resign from her position with a 30-day notice at the end of October 2024. The next day, Defendants' CEO/President attempted to cancel all compensation agreements within the company, contrary to the express terms of Plaintiff's Employment Agreement. He then

1 terminated Plaintiff on November 11, 2024, at which time Plaintiff refused to sign a release or accept the offered $10,700 severance compensation because it was inconsistent with the terms of the Employment Agreement.

Plaintiff retained legal counsel and made multiple demands on Defendants for Severance Compensation pursuant to the terms of the Employment Agreement, to no avail. As a result, she filed this lawsuit on January 29, 2025, claiming unpaid wages and treble damages under the Arizona Wage Act, A.R.S. § 23-350, *et seq.*, breach of contract, and breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 89–128.) She served Defendants' statutory agent with the Summons and Complaint on February 3, 2025 (Docs. 7, 8), and Defendants did not file an Answer or otherwise appear in this lawsuit. The Clerk of Court entered default under Federal Rule of Civil Procedure 55(a) on March 7, 2025 (Doc. 10), and Plaintiff now moves for default judgment under Rule 55(b).

## II.     LEGAL STANDARD

After the Clerk of Court enters default, the Court may enter default judgment pursuant to Rule 55(b). The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Court considers the following factors in deciding whether default judgment is warranted: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### III. ANALYSIS

With regard to the *Eitel* factors, Plaintiff has diligently prosecuted this matter and will be prejudiced in the absence of a judicial remedy for her claims, so Factor One favors entry of default judgment. Moreover, Defendants, both corporations, were properly served, and nothing before the Court indicates their failure to participate in this litigation is due to excusable neglect, so Factor Six also weighs in favor of default judgment. Factual disputes as to Plaintiff's claims are plausible, but Defendants' lack of participation precludes any examination thereof, so Factor Five is neutral. Factor Seven, favoring a decision on the merits, always weighs against default judgment. And under Factor Four, the amount of money at stake as claimed by Plaintiff, $1.5 million, weighs neither for nor against entry of default judgment.

The focus here is on the sufficiency of Plaintiff's Complaint—Factor Three—and the merits of the claims therein—Factor Two. In her present Motion, Plaintiff argues that she is entitled to $500,000 as Severance Compensation under the terms of the Employment Agreement because Defendants terminated her employment. Further, she invokes the Arizona Wage Act's provision that, where Defendants failed to pay "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission, or other method of calculation" under A.R.S. § 23-350(7), she is entitled to treble damages—$1.5 million—under A.R.S. § 23-355(A).

Arizona courts have rejected the proposition that severance compensation provided for by an earlier-negotiated employment contract constitutes earned compensation for labor or services rendered under the Arizona Wage Act. For example, in *Serna v. Pima County*, 916 P.2d 1096, 1097 (Ariz. Ct. App. 1995), where the plaintiff entered into an employment contract providing for a severance payment if his employment was terminated without cause, the court opined: "We reject summarily the argument that severance pay is earned compensation. . . . If one has an enforceable contract of employment, he may receive an award of damages for breach or a pre-agreed severance payment. That payment is for

damages for breach, not compensation for previous service." But in *Schade v. Diethrich*, 760 P.2d 1050, 1053, 1061–62 (Ariz. 1988), the Arizona Supreme Court interpreted a prior version of the Arizona Wage Act to determine that, where the employee intending to resign accepted continued employment in exchange for a separation agreement that included severance pay, the severance compensation was in exchange for services rendered and thus constituted wages under the Arizona Wage Act; damages for the employer's failure to pay could thus be trebled under A.R.S. § 23-355(A).

For her part, Plaintiff cites no Arizona case law supporting the proposition that her contractual Severance Compensation constituted unpaid wages under Arizona Wage Act. The language of A.R.S. § 23-350(7) ties "wages" to "compensation due an employee for labor or services rendered" as "determined by a time, task, piece, commission or other method of calculation." Although Severance Compensation is due Plaintiff under the Employment Agreement, by its express terms the Severance Compensation is not tied to labor or services rendered. Plaintiff's allegation, which the Court accepts as true, is that Defendants terminated her, and the Employment Agreement provides she is entitled to $500,000 in Severance Compensation for any termination, with or without cause, and without regard for her length of service, that is, the labor or services rendered. (Emp. Agree. § 5.) As such, the Severance Compensation is not wages under A.R.S. § 23-350(7), and the Arizona Wage Act does not apply to Plaintiff's claim for payment of Severance Compensation under the Employment Agreement. *See In re Sneva*, 605 B.R. 201, 209 (Bankr. D. Ariz. 2019) (concluding the claimant's severance pay as provided for in her employment agreement was not "wages" under A.R.S. § 23-350(7) and noting that the Arizona Legislature removed "severance pay" from the definition of "wages" in a 2016 revision to the statute).

Under *Eitel* Factors Two and Three, the Court agrees that Plaintiff has a meritorious claim for $500,000 in breach of contract damages. As for her breach of the covenant of good faith and fair dealing claim, in her Motion for Default Judgment, Plaintiff neither makes an argument in support of a finding of bad faith on the part of Defendants nor shows

the damages she would be entitled to on a bad faith finding. Plaintiff argues only that her "recovery of treble damages for wages [under the Arizona Wage Act] subsumes her damages claims for Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing." (Mot. at 5.) She thus fails to meet her burden to establish damages for her bad faith claim. *Geddes*, 559 F.2d at 560.

Weighing the *Eitel* Factors, Plaintiff is entitled to default judgment on her breach of contract claim with damages of $500,000. She has failed to state a meritorious claim under the Arizona Wage Act, and she has failed to establish damages for her bad faith claim. Plaintiff is entitled to seek attorneys' fees under A.R.S. § 12-341.01, and she may file a bill of costs under LRCiv 54.1 and application for attorneys' fees and non-taxable expenses under LRCiv 54.2 within 14 days of the date of this Order.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion for Default Judgment against Defendants USA Quality Staffing, Inc. and USA Managed Care Organization, Inc. (Doc. 11).

**IT IS FURTHER ORDERED** that, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Clerk of the Court shall enter Judgment in favor of Plaintiff Donna Beson and against Defendants USA Quality Staffing, Inc. and USA Managed Care Organization, Inc., jointly and severally, in the total principal amount of $500,000.00. This amount shall bear post-judgment interest at the federal rate from the date of Judgment until paid. The Clerk of Court shall also close this case.

**IT IS FURTHER ORDERED** that Plaintiff shall file any bill of costs and application for attorneys' fees and non-taxable expenses in compliance with Local Rules 54.1 and 54.2 within 14 days of the date of this Order.

Dated this 17th day of June, 2025.

Honorable John J. Tuchi
United States District Judge