**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Beson, | No. CV-25-00278-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| USA Quality Staffing Incorporated, *et al.*, | |
| Defendants. | |

At issue are two Motions brought by Defendants USA Quality Staffing, Inc. ("USAQSI") and USA Managed Care Organization, Inc. ("USAMCO"): a Motion to Set Aside Entry of Default and Default Judgment (Doc. 22, Mot.), to which Plaintiff Donna Beson filed a Response (Doc. 24, Resp.), and Defendants filed a Reply (Doc. 27, Reply); and an Emergency Motion to Stay Execution of Contested Default Judgment (Doc. 25), to which Plaintiff filed a Response (Doc. 26). No party requested oral argument, and the Court finds it appropriate to resolve the Motions without oral argument. LRCiv 7.2(f).

**I.    BACKGROUND**

Plaintiff filed the Complaint in this action on January 29, 2025, alleging that, when she attempted to resign and Defendants then terminated her employment in late 2024, Defendants failed to pay her $500,000 in Severance Compensation under the express terms of an Employment Agreement between Plaintiff and Defendants. Plaintiff served the Summons and Complaint on Defendants by way of their statutory agent on February 3, 2025. (Docs. 7, 8.) Defendants did not answer or otherwise respond to the Complaint, and,

upon Plaintiff's application, the Clerk of Court entered default against them on February 3, 2025. (Doc. 10.) On June 17, 2025, the Court entered default judgment in favor of Plaintiff in the amount of $500,000 plus interest at the statutory rate, and the Court closed this matter. (Docs. 13, 14.)

Defendants filed the present Motion to Set Aside Entry of Default and Default Judgment on August 15, 2025. They contend that they failed to update their contact information with their statutory agent, so when their statutory agent sent notice of Plaintiff's lawsuit to them, they did not see it. (Mot. at 3–4.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, when a party against whom relief is sought fails to defend against the claim, the court may enter default against that party. Fed. R. Civ. P. 55(a). After entry of default, the party seeking relief may move for default judgment, which will stand as a final judgment in the case. Fed. R. Civ. P. 55(b). But at either stage—entry of default or default judgment—the party against whom default was entered has an avenue for relief. "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In assessing good cause under Rule 55(c), a court must consider three factors, any one of which is sufficient to refuse to set aside an entry of default: "'(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Huntington Rests. Grp, Inc.*, 375 F.2d 922, 925-26 (9th Cir. 2004)). The "party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th

Cir. 2001) (overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). That is, the "good cause" factors under Rule 55(c) for the set-aside of entry of default also govern the lifting of a default judgment under Rule 60(b). *Id.*

For its part, Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of several listed reasons. The reasons include "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

## III.   ANALYSIS

While Defendants have themselves to blame for the lack of notice of this lawsuit in failing to keep their contact information up-to-date with their own statutory agent, this failure is not the type of culpable conduct that causes the Court to refuse to set aside a default judgment. *See, e.g.*, *Coen Co. v. Pan Int'l, Ltd.*, 307 F.R.D. 498, 507 (N.D. Cal. 2015).

Likewise, while Plaintiff suffers a degree of prejudice if the Court sets aside the entry of default and default judgment by way of the delay in resolution of this case, that prejudice is not by itself sufficient to preclude the set-aside. And the Court would remedy the prejudice resulting from having to seek default by awarding Plaintiff her reasonable attorneys' fees associated with applying for default and default judgment and opposing Defendant's Motion to Set Aside. *See, e.g.*, *id.* at 508.

The issue here is whether Defendants have raised a meritorious defense to Plaintiff's breach of contract claim in this lawsuit.[1] "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI Grp.*, 244 F.3d at 700. As for defenses to Plaintiff's claim, Defendants first state that the language of the separation agreement does not provide that Defendants had to pay Plaintiff $500,000 if she resigned,

---

[1] In its default judgment Order, the Court granted default judgment only as to Plaintiff's breach of contract claim; the Court did not find merit to Plaintiff's Arizona Wage Act claim and could not address the merits of Plaintiff's bad faith claim. (Doc. 13.)

which Defendants argue is what she did. (Mot. at 7.) In its Order (Doc. 13) granting Plaintiff default judgment, the Court found the facts showed as follows: "In 2022, [Plaintiff] entered into an Employment Agreement with Defendants providing that, within 30 days of resignation or termination, she would be paid one-year's salary as Severance Compensation if she resigned at least one year after signing the Agreement, or $500,000 as Severance Compensation if she was terminated by Defendants with or without cause. (Doc. 11-2, Emp. Agree. § 5.)" In the Complaint, Plaintiff alleged that she at first tried to resign with a 30-day notice on October 30, 2024 (Doc. 1, Compl. ¶ 50)—which was more than a year after she entered into the Employment Agreement. Then, "[a]t approximately 3:30 p.m. on November 11, 2024, new CEO/President George M. Bogle walked into Plaintiff's office and told her that she was terminated immediately." (Compl. ¶ 66). In their Motion, Defendants now simply cite the former allegation in Plaintiff's Complaint to argue, "Plaintiff was not terminated by Defendant; she resigned." (Mot. at 7.) But Defendants provide no facts controverting Plaintiff's second allegation, that after she attempted to resign, Defendants terminated her employment. Without *specific facts* controverting Plaintiff's allegation that Defendants terminated her, the Court cannot find that Defendants have a meritorious defense to enforcement of the plain language of the parties' agreement that Defendants would pay Plaintiff $500,000 if they terminated her employment.[2]

Defendants also contend that, if allowed to proceed, they would bring a counterclaim against Plaintiff for breach of fiduciary duty because she along with other employees "essentially raided the Company to pay themselves and other high-ranking employees while George [E. Bogle, the former CEO/President] was suffering from dementia." (Mot. at 7–8.) On the face of the Employment Agreement, it is signed by Plaintiff on behalf of herself—not Defendants—and Robert F. Thurner on behalf of Defendant USAMCO as its President and CEO. (Doc. 11-2, Emp. Agree.; Compl. ¶ 25.)

---

[2] Of course, even if Plaintiff had resigned, as Defendants now argue in their Motion (but the facts alleged in the Complaint do not support), Defendants still breached the Employment Agreement by failing to pay Plaintiff any Severance Compensation, according to the Complaint's uncontroverted allegations.

- 4 -

The fiduciary duty owed Defendants in this instance was on the part of Mr. Thurner acting on their behalf, not Plaintiff. That is, Plaintiff was entitled to negotiate a favorable employment agreement on her own behalf, *see Schade v. Diethrich*, 760 P.2d 1050, 1057–58 (Ariz. 1988), and Mr. Thurner—acting as Defendants' director and officer—owed fiduciary duties to the company and its shareholders in entering into the agreement, *see, e.g.*, *Dooley v. O'Brien*, 244 P.3d 586, 590 (Ariz. Ct. App. 2010).[3] While the facts and allegations before the Court support the proposition that Defendants may be able to bring a claim for breach of fiduciary duty against Mr. Thurner, they do not support such a claim against Plaintiff in negotiating her own Employment Agreement with Mr. Thurner.

Defendants otherwise state no specific facts raising a possible legal claim putting at issue the formation or enforceability of the Employment Agreement and Severance Compensation provision therein, which form the basis of Plaintiff's breach of contract claim. To the extent Defendants contend that the Severance Compensation was a "golden parachute" provision that was favorable to Plaintiff (Mot. at 7), those facts, without more, are not sufficient to raise a legal claim as to the formation or enforceability of the Employment Agreement. Among other possible defenses to formation or enforceability, Defendants point to no specific facts of fraud on the part of Plaintiff.

Without identifying any specific facts going to a meritorious defense to Plaintiff's breach of contract claim, the Court cannot grant Defendants' Motion to Set Aside Entry of Default and Default Judgment (Doc. 22). *See, e.g.*, *Cassidy v. Tenorio*, 856 F.2d 1412, 1417–18 (9th Cir. 1988); *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). As a result, the Court will also deny Defendants' Emergency Motion to Stay Execution of Contested Default Judgment (Doc. 25).

**IT IS THEREFORE ORDERED** denying Defendants' Motion to Set Aside Entry of Default and Default Judgment (Doc. 22).

. . .

. . .

---

[3] The Employment Agreement provides that Arizona law governs the agreement for Arizona-based employees, which Plaintiff was. (Emp. Agree. § 7; Compl. ¶ 16.)

**IT IS FURTHER ORDERED** denying Defendants' Emergency Motion to Stay Execution of Contested Default Judgment (Doc. 25).

Dated this 18th day of September, 2025.

_____
Honorable John J. Tuchi
United States District Judge